IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA NICOLLE COLLETT, #1624805, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-2684-B-BK |
| | § | |
| GARLAND COLLETT, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for pretrial management.  For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**I. BACKGROUND**

On October 4, 2017 and November 9, 2017, the Court issued deficiency notices and orders requiring Plaintiff (1) to file a complaint that meets the requirements of Federal Rule of Civil Procedure 8(a), and (2) to pay the $400.00 filing fee or submit a motion to proceed *in forma pauperis*. Doc. 4; Doc. 5.  The second order extended *sua sponte* the deadline for Plaintiff's response to December 7, 2017.  As of the date of this recommendation, however, Plaintiff has not responded to the Court's order, nor has she sought an extension of time to do so.

**II. ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's orders. She has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SIGNED** January 3, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE